IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS BUTCHER,<br>        Plaintiff,<br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br>        Defendant. | CIVIL ACTION NO.<br><br><br><br><br>*Electronically Filed* |

## NOTICE OF REMOVAL

AND NOW, comes Defendant, Allstate Insurance Company (hereinafter "Allstate"), by and through its counsel Dickie, McCamey & Chilcote, P.C., Robert J. Marino, Esquire and J. David Ziegler, Esquire and files this Notice of Removal of the above-captioned case from the Court of Common Pleas of Allegheny County, Pennsylvania, where it has been assigned Civil Division Number GD-14-21698, to the United States District Court for the Western District of Pennsylvania, and in support thereof avers as follows:

1. Plaintiff commenced this action by filing a Complaint in Civil Action on or about November 26, 2014 in the Court of Common Pleas of Allegheny County, Pennsylvania at Civil Division Number GD-14-21698. (A true and correct copy of the Complaint is attached hereto and identified as **Exhibit A**).

2. Allstate accepted service of the Complaint on December 2, 2014.

3. The Complaint contains three Counts against Allstate, Count I for "Negligence and Gross Negligence"; Count II for "Insurance Bad Faith"; and Count III for "Fraud in the Inducement, Fraud, Fraudulent Misrepresentation." (*See* Exhibit A).

4. The Complaint arises out of Allstate's settlement of Mr. Butcher's insurance claim for bodily injury allegedly arising from a motor vehicle accident on February 12, 2012.

5. After reaching an agreed settlement, Allstate provide Mr. Butcher with a Release of All Claims, which Mr. Butcher signed and returned. In exchange, Allstate paid him the policy limits on an auto insurance policy issued to Sharon Byerly its insured.

6. Thereafter, Mr. Butcher filed a products liability lawsuit against General Motors Company, General Motors, LLC, and Vauxhall, Inc., which is currently pending in the United States District Court for the Western District of Pennsylvania at docket no. 2:14-cv-00353-LPL. General Motors joined Mrs. Byerly as a "Third Party Defendant."

7. General Motors and Byerly in both pled the Release of All Claims signed by Mr. Butcher as a complete bar to his products liability claim allegedly arising from the same motor vehicle accident on February 12, 2012.

8. The First Count of Plaintiff's Complaint, Count I – Negligence and Gross Negligence alleges that Allstate failed to exercise ordinary and reasonable care in protecting and preserving Plaintiff's additional claims against the allegedly defective airbag manufacturer. (*See generally* Count I of Plaintiff's Complaint).

9. The Second Count of Plaintiffs' Complaint, Count II – Insurance Bad Faith incorporates the paragraphs set forth in Plaintiff's First Count. (*See generally* Count II of Plaintiff's Complaint).

10. Plaintiff further alleges that Allstate allegedly "failed to act forthrightly and honestly when settling his claim" and "acted with ill will and self-interest" by essentially failing

2

to protect and preserve Plaintiff's third party claims against the manufacturer of the airbag used in his vehicle by providing Plaintiff with a General Release of All Claims.

11. It is believed that the Complaint seeks all available damages available under 42 Pa.C.S. §8371 including interest, punitive damages, costs and attorney's fees, and attorney's fees in that Count II states a violation of 42 Pa.C.S. §8371 as well as damages recoverable under 40 P.S. 1171, et. seq. (Pennsylvania's Unfair Trade Practices and Consumer Protection Law).

12. The Third Count of Plaintiff's Complaint, Count III – "Fraud in the Inducement, Fraud, Fraudulent Misrepresentation" alleges that Allstate "induced Plaintiff to execute a Release and falsely made misrepresentations regarding the preservation and protection of third party claims."

13. The Complaint seeks damages in excess of the arbitration limits of the court.

14. Upon information and belief, according to the verified and sworn allegations of Plaintiff's Complaint, the Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania. (Exhibit A).

15. Defendant Allstate is an Illinois Corporation organized and existing under the laws of the State of Illinois with a principal place of business located at 2775 Sanders Road, Northbrook, Illinois. Defendant Allstate was not at the time of the commencement of this action, and is not now, a citizen of the Commonwealth of Pennsylvania.

16. The amount in controversy in this case exceeds or may exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and court costs. *See Golden v. Golden*, 382

F.3d 348, 355 (3d Cir. 2004) (if a complaint contains a non-frivolous claim for punitive damages, then, as a general rule, the amount in controversy requirement is satisfied.)

17. In the instant case, the Plaintiff is seeking damages under theories of breach of negligence, gross negligence, insurance bad faith, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and Fraud. Thus, Allstate respectfully submits that a reading of the Complaint would arrive at the potential value of the case being litigated to be in excess of seventy-five thousand ($75,000.00) dollars, considering the damages claimed.

18. Allegheny County, Pennsylvania where this action was initially filed is within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

19. This Court has original jurisdiction of this action based upon the complete diversity of citizenship pursuant to 28 U.S.C. §1332, and this action is removable from the state court under the provisions of 28 U.S.C. §1441, *et seq.*

20. Concurrent with the filing of this document with the United States District Court for the Western District of Pennsylvania, Defendant has filed with the Allegheny County Court of Common Pleas and served upon Plaintiff's Counsel a Notice of Filing Notice of Removal, advising the state court and Plaintiff's counsel that this Defendant has removed this action to the United States District Court for the Western District of Pennsylvania. (A true and correct copy of said Notice of Filing of Notice of Removal is attached hereto and identified as **Exhibit B**).

21. Accordingly, Defendant prays that this case be removed from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that this action be removed.

                                                Respectfully submitted,

                                                DICKIE, McCAMEY & CHILCOTE, P.C.

Date:   December 5, 2014

                                                By:  /s/ Robert J. Marino
                                                        Robert J. Marino, Esquire
                                                        PA I.D. #30284

                                                        J. David Ziegler, Esquire
                                                        PA I.D. #92882

                                                        Two PPG Place, Suite 400
                                                        Pittsburgh, PA  15222-5402
                                                        (412) 281-7272

                                                        Counsel for Defendant,
                                                        Allstate Insurance Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been served on this 5th day of December, 2014, by U. S. first-class mail, postage prepaid, to following counsel of record:

ROBERT DAVANT, ESQUIRE
ONE OXFORD CENTER
301 GRANT STREET, SUITE 4300
PITTSBURGH, PA 15219
***(Counsel for Plaintiff)***

DICKIE, McCAMEY & CHILCOTE, P.C.

By: _____
Robert J. Marino, Esquire
J. David Ziegler, Esquire

Attorneys for Defendant, Allstate Insurance Company