IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BUTCHER | § | CIVIL DIVISION |
| Plaintiff, | § § § | |
| v. | § § | Case No: GD-14-21698 |
| | § § | **COMPLAINT IN CIVIL ACTION** |
| ALLSTATE INSURANCE COMPANY | § § § | |
| Defendant | § § | |

Filed on behalf of:

Plaintiff:   Thomas Butcher

Counsel of record for Plaintiff:

Robert Davant
Attorney & Counselor at Law
One Oxford Center
301 Grant Street
Suite 4300
Pittsburgh, Pennsylvania 15219
Telephone: (412) 519- 2274
Facsimile:  (412) 904-3255
E Mail: robertdavant@comcast.net
PA I.D. #310250

JURY TRIAL DEMANDED

FILED
14 NOV 26 PM 12:09
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY, PA


DEFENDANT'S EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BUTCHER | § | CIVIL DIVISION |
| | § | |
| Plaintiff, | § | |
| | § | Case No: |
| v. | § | |
| | § | |
| | § | **COMPLAINT** |
| | § | **IN CIVIL ACTION** |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Defendant | § | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take prompt action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed against you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

> ALLEGHENY COUNTY BAR ASSOCIATION
> LAWYER REFERRAL SERVICE
> 436 SEVENTH AVENUE
> 11TH FLOOR KOPPERS BUILDING
> PITTSBURGH, PENNSYLVANIA 15219
> TELEPHONE:     (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BUTCHER | § | CIVIL DIVISION |
| Plaintiff, | § § § | |
| | § | Case No: |
| v. | § § | |
| | § | **COMPLAINT IN CIVIL ACTION** |
| ALLSTATE INSURANCE COMPANY | § § § | |
| Defendant | § § | |

## AMENDED COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Thomas Butcher, by and through her attorney of record, Robert M. Davant, III, Esquire of the Law Firm of Davant & Associates, and avers the following:

## PARTIES

1. Plaintiff, Thomas Butcher, is an adult individual at all times material hereto residing at 1170 Bower Hill Road T-15, Pittsburgh, Pennsylvania 15243.

2. Defendant, ALLSTATE INSURANCE COMPANY is an insurance company, who at all relevant times to this case has ben doing business within the State of Pennsylvania and the County of Allegheny.

3. Defendant ALSSTATE INSURANCE COMPANY may be served with process by serving its registered agent for service of process, CT Corporation System, 1515 Market St., Philadelphia, PA. 19102.

## JURISDICTION

4. The Defendant does, and at all material times in this Complaint did, conduct business in Pennsylvania through the sale of a insurance policies within the Commonwealth. Plaintiff is asserting an insurance bad faith claim against this Defendant. Plaintiff was involved in an accident with an automobile insurance policy holder with Defendant within the Commonwealth of Pennsylvania and the County of Allegheny.

5. The amount in controversy exceeds the minimum jurisdictional requirements of this Honorable Court.

## VENUE

6. The Defendant does, and at all relevant and material times in this Complaint did, conduct business in Allegheny County, Pennsylvania, through the sale of insurance policies within the Commonwealth and the County of Allegheny.

7. The injuries and damages to Plaintiff, Thomas Butcher, occurred in whole or in part in Allegheny County, Pennsylvania.

8. The transactions at issue, that are the subject matter of this lawsuit, occurred in whole or in part in Allegheny County, Pennsylvania.

## STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

9. On February 17, 2012, Plaintiff was involved in a motor vehicle accident at 2090 Greentree Road, Pittsburgh, Allegheny County, Pennsylvania, when he was hit another automobile that failed to yield right of way.

10. The driver of the vehicle that struck Plaintiff was identified as Sharon Byerly, who was insured by Allstate Insurance Company.

11. The vehicle which Plaintiff was driving was Saturn Astra. Plaintiff's vehicle was struck in the front of his vehicle while Plaintiff was traveling at approximately thirty- five miles per hour. The airbag in Plaintiff's vehicle failed to deploy, thereby causing him to suffer severe and continuing injuries and damages.

12. Plaintiff made a legitimate claim for damages caused to his person and property, which Defendant acknowledged.

13. The Defendant's insured maintained minimum coverage for this type of injury, and only $15,000.00 was available as a policy limit for bodily injury claims.

14. Defendant's representatives, and claims adjusters assured Plaintiff that all subsequent claims against General Motors, LLC, General Motors Corporation and other potential Defendants related to airbag claims regarding the failure of the airbag would be protected and preserved in planned subsequent claims made against the defective airbag manufacturer, distributers, marketers and those responsible for placing the defective airbag into the stream of commerce.

15. Defendant's claims adjusters claimed and advised that any settlement reached with the Plaintiff would be what they referred to as a Joint Tortfeasor Release.

16. Defendant eventually convinced Plaintiff that the policy limit settlement of $15,000.00 could be paid, and that Plaintiff's claims would be protected and preserved despite the settlement at issue.

17. On November 27, 2012, Plaintiff signed a Release prepared by Defendant for payment for the policy limits of $15,000.00, again with promises and assurances from Defendants

claims adjusters that his claims against the potential airbag Defendants would be preserved and protected.

18. Plaintiff was not represented by Counsel at the time that he executed the Release at issue.

19. Defendant used deception and misleading language in the executed Release to fraudulently induce Plaintiff to sign in an attempt to avoid having their insured being sued as part of a case against the claims that Defendant knew would be coming against the airbag manufacturers.

20. On or about February 14, 2014, Plaintiff initiated a lawsuit against General Motors, LLC and General Motors Corporation (hereinafter collectively referred to as the "defective airbag Defendants") in the Court of Common Pleas of Allegheny County, Pennsylvania.

21. The defective airbag Defendants then removed the case to the United States District Court for the Western District of Pennsylvania, cause number No. 2:14-CV-00353-LPL. This litigation is ongoing.

22. After litigation ensued, the defective airbag Defendants filed a Third Party Claim against Defendant's insured, Sharon Byerly.

23. In the course of the pending litigation the defective airbag Defendants filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's claims based upon the Release, which Defendant had previously assured Plaintiff would protect and preserve the claims now being asserted against the defective airbag Defendants.

24. In efforts to avoid continuing to have their insured be a Third Party Defendant to the ongoing litigation, and having to continue to pay associated costs and legal fees, Defendant now claims that they never provided assurances and promises to Plaintiff that his claims against the defective airbag Defendants would be preserved and protected.

25. Defendant's representative, and its claim adjuster, who was well aware of the assurances and promises previously made to Plaintiff, have now elected to fraudulently misrepresent that no such assurances and promises were ever made.

26. As a direct and proximate result of Defendant Allstate Insurance Company's bad faith, fraud, fraud in the inducement, fraudulent misrepresentations, breach of fiduciary duties and negligence Plaintiff was significantly damaged and continues to be damaged.

## COUNT I
## NEGLIGENCE AND GROSS NEGLIGENCE

27. The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

28. Defendant has a duty to exercise ordinary and reasonable care in the investigation of Plaintiff's claims. Defendant has a duty to exercise ordinary and reasonable care in protecting and preserving Plaintiff's additional claims against the defective airbag Defendants, and to treat Plaintiff with honesty when settling a case involving their insured. Defendant has a duty to exercise ordinary and reasonable care in dealing with Plaintiff in a cooperative manner, and as a fiduciary. Further Defendant had a duty not to mislead Plaintiff.

29. Defendant failed to exercise ordinary and reasonable care in investigating Plaintiff's claims. Defendant had a duty to deal with Plaintiff in an honest manner. Defendant had a duty not to mislead and utilize deception when attempting to settle and when settling Plaintiff's claims.

30. Defendants failed to exercise ordinary and reasonable care in timely investigating and honoring Plaintiff's claim, and ignored the foreseeable risks associated with their misrepresentations and promises and assurances regarding additional and potential future claims..

31. Defendant failed to exercise ordinary and reasonable care in the representations made to Plaintiff by the Defendant.

32. Defendant failed to exercise ordinary and reasonable care in that it failed to give adequate warning or instruction, the Defendant knew or in the exercise of reasonable care, should have known; and Defendants failed to provide the warning or instruction that a person in their position exercising reasonable care would have provided concerning that risk, in light of tits knowledge that Plaintiff intended to bring additional claims subsequent to any settlement reached with the Defendant concerning their insured.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

JURY TRIAL IS DEMANDED

## COUNT II- INSURANCE BAD FAITH

## VIOLATION OF 42 Pa.C.S. Section 8371, ET SEQ. AND VIOLATION OF 40 P.S. Section 1171, ET SEQ.

33. The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

34. The Defendant Insurer acted in bad faith by and through its misleading and deceptive practices.

35. Plaintiff brings this cause of action for Insurance Bad Faith against the Defendant for failure to act forthrightly and honestly when settling claims, acting with ill will and self-interest, acting with a dishonest purpose, and breaching a known duty (i.e. good faith and fair dealing).

36. The facts and clear and convincing evidence demonstrate that the defendant mislead and deceived Plaintiff, and did not have a reasonable basis for failing to protect the interests of Plaintiff, and that defendant knew or recklessly disregarded its lack of reasonable basis in misleading Plaintiff.

37. The Defendant breached its fiduciary duty of good faith and fair dealing owed to Plaintiff in its dealing with Plaintiff.

38. Defendant acted in bad faith.

39. Plaintiff asserts a cause of action for bad faith based upon the unreasonableness of the Defendant's actions, and based upon a number of factors including the applicable law and how the Defendant handled similar cases.

40. Defendant's bad faith is also demonstrated by Defendant forcing Plaintiff to litigate the claim against the insurance company
41. The Defendant insurance company has misrepresented pertinent facts, policy and contract provisions
42. The Defendant purposefully mislead Plaintiff to resolve ambiguities in favor of itself, failed to protect and preserve Plaintiff's third party claims as promised and assured, and failed to reasonably and adequately investigate the claim.
43. Defendant acted with gross misconduct, bad faith and a breach of Defendants' duty of good faith and fair dealing owed to Plaintiff.
44. Defendant acted in bad faith by engaging in improper claims-handling tactics, and using improper claims-handling tactics in an effort to invalidate a legitimate claim.
45. Defendant acted in bad faith by dealing with the Plaintiff in an adversarial manner, and not in a cooperative manner or as a fiduciary.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

## COUNT III

## FRAUD IN THE INDUCEMENT, FRAUD, FRAUDULENT MISREPRESENTATION

46. The foregoing paragraphs are incorporated herein by reference as though fully set forth below, at length.

47. The Defendant made material misrepresentations regarding the quality, coverage, service claims handling and other aspects of the insurance policy at issue in this lawsuit. The Defendant made misrepresentations regarding its "investigation" of Plaintiff's claims.

48. The Defendant falsely made material misrepresentations to Plaintiff to induce him to execute a Release and falsely made misrepresentations regarding the preservation and protection of third party claims.

49. The Defendant made material misrepresentations regarding the release at issue with the intent of misleading Plaintiff to rely upon same.

50. Plaintiff justifiably relied upon material misrepresentations by the Defendant to her detriment.

51. Plaintiff was proximately caused damages as a direct result of his detrimental reliance upon Defendant's material misrepresentations.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant, in an amount in excess of the jurisdictional limits of compulsory arbitration, excluding costs and interest.

JURY TRIAL IS DEMANDED


WHEREFORE, PREMISES CONSIDERED, Plaintiff, Thomas Butcher seeks an amount in excess of the minimum jurisdictional limits of this Court, and respectfully prays for

judgment against Defendants for exemplary, punitive, actual, consequential, past, future, compensatory, pre and post judgment interest, delay damages, pain and suffering and mental anguish damages, punitive damages and attorney's fees, and all other relief to which he may be justly entitled.

Respectfully submitted,

By: _____
Robert Davant
Attorney & Counselor at Law
One Oxford Center
301 Grant Street
Suite 4300
Pittsburgh, Pennsylvania 15219
Telephone: (412) 519- 2274
Facsimile: (412) 904-3255
PA I.D. #310250

## VERIFICATION

I verify that the averments contained in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my knowledge, information and belief. I understand that said averments are made subject to the penalties of 18 Pa. C. S. § 4904 relating to unsworn falsification to authorities.

_11/26/14_
Date

By: _[signature]_
Plaintiff